UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTT A. YOUNGMARK,

        Petitioner,

v.
                                  Case No. 18-cv-911-pp

GARY BOUGHTON,[1]

        Respondent.

---

**ORDER ADOPTING REPORT AND RECOMMENDATIONS (DKT. NO. 9); OVERRULING OBJECTIONS (DKT. NO. 10); DENYING AS MOOT MOTION FOR CONSIDERATION (DKT. NO. 11); GRANTING MOTION TO AMEND CAPTION (DKT. NO. 16); DENYING MOTION TO TRANSFER CASE (DKT. NO. 16); DISMISSING CASE UNDER 28 U.S.C. §2244(d) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY.**

---

On June 15, 2018, the petitioner—who represents himself—filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his August 2012 conviction in Polk County Circuit Court for second-degree intentional homicide and second-degree recklessly endangering safety. Dkt. No. 1 at 2. The clerk's office assigned the case to Magistrate Judge David E. Jones, who screened the petition on July 11, 2018. Dkt. No. 7. Judge Jones

---

[1] The petitioner filed a motion stating that he presently is incarcerated at the Wisconsin Secure Program Facility and asking the court to amend the caption to reflect the proper respondent. The warden of the Wisconsin Secure Program Facility is Gary Boughton. See https://doc.wi.gov/Pages/OffenderInformation/ AdultInstitutions/WisconsinSecureProgramFacility.aspx (last visited Feb. 6, 2020). Under Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the court will grant the petitioner's motion and update the caption to reflect the appropriate respondent.

1

determined that the petition was likely untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and offered the petitioner the opportunity to show cause why Judge Jones should not dismiss the petition for that reason. Id. The petitioner filed a brief, arguing that he had timely filed the petition. Dkt. No. 8. After considering the petitioner's arguments, Judge Jones issued an August 15, 2018 recommendation that this court dismiss the petition as untimely. Dkt. No. 9. The petitioner objected. Dkt. No. 10. He also has filed a motion to substitute respondent and a motion to transfer the case to the Western District of Wisconsin. Dkt. No. 16. The court denies the motion to transfer and grants the motion to substitute respondent. On a *de novo* review of the recommendation, this court finds that the petitioner filed his petition after the AEPDA's one-year time period had expired. It dismisses the case and declines to issue a certificate of appealability.

**I.     Background**

    A.     History

In December of 2011, the Polk County district attorney charged the petitioner with second-degree recklessly endangering safety. Dkt. No. 1; see also State of Wisconsin v. Scott Allen Youngmark, Case No. 2011CF000397 (Polk County Circuit Court), available at https://wcca.wicourts.gov. The petitioner pled no contest in August of 2012. Id. While on bond and awaiting sentence in Case No. 2011CF000397 the petitioner killed his fiancée, and the Polk County district attorney charged him with second-degree intentional homicide. Dkt. No. 1; see also State of Wisconsin v. Scott Allen Youngmark,

2

Case No. 2012CF000462 (Polk County Circuit Court), available at https://wcca.wicourts.gov. The petitioner pled guilty in April of 2013. Id.; dkt. no. 1 at 2. The petitioner appealed the convictions and the State Public Defender filed a no-merit report, which the petitioner contested. Dkt. No. 1 at 3. The Wisconsin Court of Appeals summarily affirmed the convictions on November 1, 2016. Id.; see also Dkt. No. 1-1 at 16. The petitioner did not seek review in the Wisconsin Supreme Court.

The petitioner filed several motions for state post-conviction relief. Dkt. No. 1 at 4. He filed petitions under State v. Knight, 168 Wis. 2d 509 (Wis. 1992) in the Wisconsin Court of Appeals on December 14, 2017. Id. That court dismissed the Knight petitions on December 29, 2017. Id. at 4-5; see dkt. no. 1-1 at 52. The petitioner sought review of that decision in the Wisconsin Supreme Court on January 28, 2018; the Wisconsin Supreme Court denied review on June 11, 2018. Dkt. No. 1-1 at 72. Simultaneously, the petitioner filed a "Motion for Sentence Enforcement" in Polk County Circuit Court on November 17, 2017, which asked that the state stop removing 50% of his funds for restitution. Dkt. No. 1-1 at 61. On February 23, 2018, the petitioner filed a follow-up letter to his November 17, 2017 motion, asking for appointment of counsel and an evidentiary hearing. Dkt. No. 1-1 at 65. On April 3, 2018, a circuit judge in Polk County denied the petitioner's motion. Dkt. No. 1-1 at 66.

On June 15, 2018, the petitioner filed this federal *habeas* petition. He raised three grounds for relief: ineffective assistance of trial and appellate counsel, prosecutorial and police misconduct and "judicial error." Dkt. No. 1 at

6-30. For relief, he asks to be allowed to withdraw his guilty plea and demands a jury trial. Id. at 36. He also asks this court to schedule an evidentiary hearing on the petition, "so that he can further the record in case he has to Appeal." Id.

B.  Judge Jones's Report and Recommendation

Judge Jones began by reviewing the petitioner's state court filings. Dkt. No. 9 at 2. He observed that the petitioner's response to the order to show cause asserted that the January 28, 2018 petition for review in the Wisconsin Supreme Court had tolled his limitations period. Id. at 3.

Judge Jones explained that AEDPA generally requires a *habeas* petition to be filed within one year from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Dkt. No. 9 at 4 (citing Ray v. Clements, 700 F.3d 993, 1003 (7th Cir. 2012)). Judge Jones recounted that the Wisconsin Court of Appeals had denied the petitioner's appeal on November 1, 2016. Id. He noted that under Wis. Stat. §808.10(1), the petitioner had thirty (30) days from that date to file a petition for review in the Wisconsin Supreme Court. Id. Because the petitioner did not file for review in the Wisconsin Supreme Court within those thirty days, Judge Jones determined that AEDPA required the petitioner to file his petition within one year of the expiration of his time to seek direct review—here, no later than December 1, 2017. Id. Judge Jones addressed the petitioner's argument that his January 28, 2018 petition for review in the Wisconsin Supreme Court should have tolled his statute of limitations period until the

4

Supreme Court denied his motion (which it did on June 11, 2018). Id. at 4. Judge Jones explained that in order to "stop the clock" on the *habeas* limitations period, the petitioner would have had to file his petition for review of his direct appeal with the Wisconsin Supreme Court within thirty days of the appellate court's decision. Id.

Judge Jones examined whether any of the petitioner's other post-conviction motions served to toll the limitations period under 28 U.S.C. §2244(d)(2). Id. at 5. Judge Jones noted that two of the petitioner's post-conviction motions—those filed on December 14, 2017 and February 1, 2018—were filed *after* the December 1, 2017 statute of limitations deadline. Id. As for the petitioner's November 17, 2017 post-conviction motion, Judge Jones wrote that "because the motion relates to money in [the petitioner's] prison account and is not 'in respect to the pertinent judgment or claim,' that motion also does not toll the petition." Id. (quoting 28 U.S.C. §2244(d)(2)). Judge Jones recommended that this court dismiss the case and deny a certificate of appealability. He referred the case to this court for final disposition because under Coleman v. Labor & Indus. Review Comm'n, 860 F.3d 461 (7th Cir. 2017), he could not enter a final disposition without the consent of all of the parties. Id. at 6.

    C.    Petitioner's Objections (Dkt. No. 10)

The court received the petitioner's objections to Judge Jones's recommendation on August 21, 2018. Dkt. No. 10. The petitioner agrees that he did not seek further review of his direct appeal in the Wisconsin Supreme

5

Court, but says he did not do so because "he was appointed Counsel through the Wisconsin State Public Defender's Office because he is indigent." Id. at 2. He maintains that Judge Jones should have found that his January 28, 2018 petition for review in the Wisconsin Supreme Court tolled the AEDPA limitations period. Id. at 3, 5. He argues that Judge Jones should have considered whether to equitably toll the limitations period. Id. at 4. He argues that his case warrants equitable tolling because he "has been forced to rely on the State Public Defender's Office for assistance of counsel has run amuck [sic]. Furthermore, because he has been forced to depend on 3-other prison litigators to get an illegal sentence overturned this has proven an exceptional case that requires tolling." Id. at 4.

**II.     Analysis**

   A.     Standard of Review

The Federal Rules of Civil Procedure apply in *habeas* cases. Rule 12, Rules Governing §2254 Cases in the United States District Courts. Under Fed. R. Civ. P. 72(b), when a magistrate judge issues a recommendation on a dispositive matter, a dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made."). The petitioner must specify "each issue for which review is sought," but need not specify the "factual or legal basis of the objection." Johnson v.

6

Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court must conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted).

B.  Application

AEDPA institutes a one-year statute of limitations for petitioners seeking federal *habeas* relief. 28 U.S.C. §2244(d)(1). The one-year period begins to run from the latest of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D). The petitioner does not argue that any state action prevented him from filing this *habeas* petition. He does not argue that he is asserting a right newly recognized by the Supreme Court. He does not argue that his *habeas* claims rely on newly discovered evidence. That leaves §2244(d)(1)(A), which provides that the one-year limitations period begins on

7

the date the petitioner's conviction became final by the conclusion of direct review or the expiration of the time for seeking such review.

The Wisconsin Court of Appeals summarily denied the petitioner's appeal on November 1, 2016. Dkt. No. 1 at 3. Under Wis. Stat. §808.10(1), the petitioner was required to file a petition for review in the Wisconsin Supreme Court "within 30 days of the date of the decision of the court of appeals"—that is, by December 1, 2016. The petitioner did not file a petition for review with the Wisconsin Supreme Court within that thirty days. He did not file a petition for review at all. That means, as Judge Jones pointed out, that the petitioner's conviction became "final" and his one-year limitations period began to run on December 1, 2016. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) ("with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under §2244(d)(1)(A) when the time for seeking such review expires[.]"). The petitioner had one year from the date the judgment became final—until December 1, 2017—to file his federal *habeas* petition. The court received the petition over six months later, on June 15, 2018.

AEDPA's one-year time limitation can be "tolled," or paused, in certain circumstances. AEDPA has a statutory provision for "tolling" the one-year clock, which reads, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

8

On November 17, 2017, two weeks before his one-year federal limitations period expired—the petitioner filed a motion in Polk County Circuit Court, challenging the amount of restitution that was being withdrawn from his prison accounts. Dkt. No. 1-1 at 59-61. He filed two Knight petitions in the Wisconsin Court of Appeals on December 14, 2017—two weeks *after* the one-year federal limitations period expired. Dkt. No. 1-1 at 52. When the Court of Appeals denied those petitions, he filed a petition for review of that denial in the Wisconsin Supreme Court on January 28, 2018. Dkt. No. 1-1 at 42-51.

The December 14, 2017 Knight petitions did not qualify to toll the petitioner's one-year statute of limitations period because the clock had run thirteen days earlier. See Graham v. Borgen, 483 F.3d 475, 482-83 (7th Cir. 2007) (post-conviction motion filed after one-year deadline "had no tolling effect whatsoever on the AEDPA statute of limitation.")[2] The same is true for the petitioner's January 28, 2018 petition seeking review in the Wisconsin Supreme Court of the Court of Appeals' December 29, 2017 dismissal of his Knight petitions—it was filed *after* the December 1, 2017 deadline had passed. The petitioner argues that all the time prior to the Wisconsin Supreme Court's June 11, 2018 denial of his petition for review should be tolled. Dkt. No. 10 at

---

[2] Even if the petitioner had filed these motions prior to December 1, 2017, it is unlikely that the court would have considered the Knight petitions "properly filed" for purposes of 28 U.S.C. §2244(d)(1). Whether a motion is "properly filed" is a matter of state procedural law and the federal *habeas* court owes deference to the state's interpretation of its procedural laws. Ray, 700 F.3d at 1006. In its order dismissing the petitions, the Wisconsin Court of Appeals began by stating that "[t]he petitions will be stricken because they are not verified as required by Wis. Stat. §782.04." Dkt. No. 1-1 at 52.

9

6. In De Jesus v. Acevedo, 567 F.3d 941, 944 (7th Cir. 2009), the Seventh Circuit held otherwise, stating that "[a] state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under §2244(d)(2), of time that passed before the state collateral proceeding began."

The petitioner's November 17, 2017 post-conviction motion in Polk County Circuit Court is the only post-conviction motion filed before December 1, 2017. Judge Jones determined that that motion did not constitute a motion for "post-conviction or other collateral review with respect to the pertinent judgment or claim" under the statute. See 28 U.S.C. §2244(d)(2). The penultimate paragraph of the petitioner's objection asserts that this motion should have tolled the limitations period because "this is an increase in his sentence because he has already been serving his sentence from August 8, 2012, and increases the severity of his sentence, and has to be an Ex Post Facto violation." Dkt. No. 10 at 9.

The petitioner titled his November 17, 2017 Polk County motion as a "Motion for Sentence Enforcement." Dkt. No. 1-1 at 59. The motion explains that the petitioner's sentence "included an order for the Defendant to pay $2,113.28 in restitution, and not to the State but to the victim's family." Id. He says that three years after his sentence began, Wisconsin passed an amended version of Wis. Stat. §973.20, which the petitioner says

> increased the amount of monies to be deducted from inmate accounts for restitution and other Court-ordered obligations to 50% of the prison wages and monies deposited to account. On or about December 1, 2016 the DOC started taking 50% from his account.

10

> This makes prison life more harsher than it was when Defendant was sentenced.

Id.

Section 2244(d)(2) allows a district court to toll the limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending[.]" The question is whether the petitioner's "Motion for Sentence Enforcement" qualifies as "other collateral review with respect to the pertinent judgment or claims is pending." The motion did not challenge the *amount* of restitution he must pay under the judgment or the fact that he had to pay restitution. It challenged only the *rate* at which he had to pay the restitution, as well as alleging that the statute that permitted the Department of Corrections to take 50% of his wages unconstitutional. This court agrees with Judge Jones that that motion did not qualify as a motion for "other collateral review with respect to the pertinent judgment or claims[.]" The petitioner didn't ask the Polk County Circuit Court to review its judgment—he asked that court to review how the Wisconsin Department of Corrections was collecting a financial piece of that judgment. The motion did not raise the same or similar claims as the ones the petitioner has raised in this federal petition.³ This motion did not toll the petitioner's statute of limitations.

---

³ Bolstering this conclusion is the fact that the Seventh Circuit considers restitution payments to be a collateral consequence of a conviction with "negligible effects on a petitioner's physical liberty of movement." Virsnieks v. Smith, 521 F.3d 707, 718 (7th Cir. 2008). Claims concerning restitution are not generally cognizable on federal *habeas* review. Id.

11

C. Equitable Tolling

The court first notes that the petitioner's brief to Judge Jones did not ask Judge Jones to consider the doctrine of equitable tolling. Dkt. No. 8. Despite that fact, the petitioner objects that Judge Jones should have considered applying the doctrine of equitable tolling. The petitioner says that

> he is a poor-man imprisoned for a crime he did not commit. Because, he has been forced to rely on the State Public Defender's Office for assistance of counsel has run amuck. Furthermore, because he has been forced to depend on 3-other prison litigators to get an illegal sentence overturned this has proven an exceptional case that requires tolling.

Dkt. No. 10 at 4.

A court may invoke the doctrine of equitable tolling where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). "Equitable tolling is an extraordinary remedy and so 'is rarely granted.'" Obriecht v. Foster, 727 F.3d 744, 748 (7th Cir. 2013) (quoting Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010)). "A petitioner bears the burden of establishing both elements of the *Holland* test; failure to show either element will disqualify him from eligibility for tolling." Mayberry v. Dittman, 904 F.3d 525 529-30 (7th Cir. 2018) (citing Menominee Indian Tribe of Wis. v. United States, —U.S.—, 136 S.Ct. 750, 755-56 (2016)).

"The realm of equitable tolling is a highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." Socha v. Boughton, 763 F.3d 674, 683 (7th Cir. 2014) (internal quotations

omitted). While "rare" and "'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing[,]'" id. (quoting Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004)), a district court must "evaluate the circumstances holistically, considering 'the entire hand that the petitioner was dealt' rather than taking each fact in isolation." Gray v. Zatecky, 865 F.3d 909, 912 (7th Cir. 2017) (quoting Socha, 763 F.3d at 686)). A petitioner must show more than just that his circumstances "may have made it more difficult for him to file a petition for habeas corpus[.]" Carpenter v. Douma, 840 F.3d 867, 873 (7th Cir. 2016).

The petitioner has not sustained his burden on either of the Holland factors. First, he has not demonstrated that he pursued his rights diligently. As the court already has noted, he did not seek review of the court of appeals' November 1, 2016 denial of his appeal. His brief to Judge Jones on the order to show cause did not explain why he did not seek review in the Supreme Court. In his objection to Judge Jones's order, the petitioner says that he didn't seek review "because he was appointed Counsel through the Wisconsin State Public Defender's Office because he is indigent," and that "[t]his made him Procedurally defaulted." Dkt. No. 10 at 2. This argument is confusing—the petitioner argues that Judge Jones should have equitably tolled the limitations period because he didn't have a lawyer, but argues that he did not diligently pursue his rights on direct appeal because he had an appointed lawyer. Even if what the petitioner means to say is that his public defender erred, the petitioner does not explain how the lawyer erred, or what the lawyer did or did

13

not do to prevent him from seeking review in the Wisconsin Supreme Court. Even if the petitioner could identify a mistake that his public defender made, "a 'garden variety claim of attorney negligence' or 'excusable neglect' is insufficient" to warrant equitable tolling. Obriecht, 727 F.3d at 749 (quoting Holland, 560 U.S. at 651-52). "'A lawyer's ineptitude,' such as his failure to meet a filing deadline . . . is garden variety and 'does not support equitable tolling.'" Id. (quoting Lee v. Cook Cty., 635 F.3d 969, 972-73 (7th Cir. 2011)).

Nor has the petitioner explained why nothing happened in his case between November 1, 2016 and December 14, 2017—over a year. If he attributes this delay to his appointed counsel, he does not explain what counsel did or did not do to cause that delay. Holland does not require a petitioner to show "maximum feasible diligence" but it does require a petitioner to show "reasonable diligence." Holland, 560 U.S. at 653. The petitioner attached over three-hundred fifty pages of documents to his *habeas* petition, but none of them indicate that the petitioner was attempting to pursue *habeas* relief between November 1, 2016 and December 1, 2017. The petitioner has not satisfied the first Holland factor—he has not shown that he was diligently pursuing his rights.

Nor has the petitioner shown the second Holland factor—that extraordinary circumstances stood in his way and prevented him from filing. Many (if not most) *habeas* petitioners are poor, many have no legal training, many rely on appointed public defenders to represent them and many rely on other inmates to help them. See Gray, 865 F.3d at 912-13 (indigent defendant

14

who proceeded without representation for a long time and had no particular legal experience did not qualify for equitable tolling on these bases because "that describes most habeas corpus petitioners and thus by definition is not 'extraordinary.'"). These are unfortunate circumstances, but they are not extraordinary circumstances; they are "common parts of prison life." Douma, 840 F.3d at 872 (quoting Carpenter v. Dittman, Case No. 14-cv-771-JPS, 2015 WL 687599, at *5 (E.D. Wis. Feb. 18, 2015)).

The petitioner asserts actual innocence. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). But "tenable actual-innocence gateway pleas are rare." Id. For a claim of actual innocence to excuse an untimely petition, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" Id., 569 U.S. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). The petitioner has provided *no* evidence supporting his claim that he is actually innocent; he simply says that he is. That is not enough; the actual innocence exception requires "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 401 (quoting Schlup, 513 U.S. at 316).

Because the petitioner has not demonstrated either that he was diligently pursuing his rights or that there were extraordinary circumstances that barred

15

a timely filing, *and* because the petitioner did not make this argument to Judge Jones, the doctrine of equitable tolling does not excuse the petitioner's untimely filing. The court will adopt Judge Jones's recommendation and will dismiss the petition.

### III.     Motion for Consideration (Dkt. No. 11)

On November 16, 2018 the petitioner filed a motion asking the court to consider his objections to Judge Jones's report and recommendation. Dkt. No. 11. The court has done so, and will deny the motion as moot.

### IV.     Motion to Transfer Case (Dkt. No. 16)

The petitioner asked the court to transfer his case to the Western District of Wisconsin because presently he is incarcerated at the Wisconsin Secure Program Facility, which is in that district. Dkt. No. 16.

AEDPA authorizes this district to consider the petitioner's *habeas* petition. 28 U.S.C. §2241(d) states that

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Polk County is in the Western District of Wisconsin. When the petitioner filed his 28 U.S.C. §2254 petition, he was in custody at Waupun Correctional Institution which is in the Eastern District of Wisconsin. Under 28 U.S.C.

16

§2241(d), the petitioner could have filed his petition in either the Western District or the Eastern District. He chose to file his petition in this court. A magistrate judge of this court screened his petition and recommended its dismissal. This court has reviewed the petitioner's case and has agreed with Judge Jones. This court will exercise its discretion and decline to transfer the case.

## V.     Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotations omitted). The court agrees with Judge Jones's recommendation to deny a certificate of appealability; no reasonable jurist could debate that the petitioner's petition was untimely under 28 U.S.C. §2244(d).

## VI.    Conclusion

The court **GRANTS** the petitioner's motion to update caption. Dkt. No. 16. The court **ORDERS** that the clerk's office shall update the docket to reflect

that the proper respondent is Gary Boughton, Warden of the Wisconsin Secure Program Facility.

The court **DENIES** the petitioner's motion to transfer case. Dkt. No. 16.

The court **DENIES AS MOOT** the petitioner's motion for consideration. Dkt. No. 11.

The court **OVERRULES** the petitioner's objections, dkt. no. 10, and **ADOPTS** Judge Jones's recommendation to dismiss the petition, dkt. no. 9.

The court **ORDERS** that the petitioner's petition for writ of *habeas corpus* is **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 24th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**