SCOTT A. YOUNGMARK,

        Petitioner,

  v.

                                   Case No. 18-cv-911-pp

GARY BOUGHTON,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 19), GRANTING MOTION TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 21), DENYING AS MOOT MOTION TO STAY (DKT. NO. 25) AND GRANTING MOTION TO MOVE FORWARD WITH RECONSIDERATION MOTION (DKT. NO. 28)**

      On February 24, 2020, the court issued an order adopting Magistrate Judge Jones's recommendation to dismiss the petition as time-barred under 28 U.S.C. §2244(d). Dkt. No. 17. It entered judgment the same day. Id. A week later—March 3, 2020—the court received the petitioner's motion for reconsideration, a brief, and seven pages of supporting materials. Dkt. Nos. 19, 19-1, 19-2. Six days later, the petitioner filed a notice of appeal, dkt. no. 20, and a motion for leave to appeal without prepaying the $505 appellate filing fee, dkt. no. 21. On March 23, 2020, the petitioner filed a motion to stay proceedings in his appellate case until the court decided the petitioner's motion for reconsideration. Dkt. No. 25. On June 1, 2020, the court received the petitioner's motion to move forward with the reconsideration motion, indicating that he'd received several orders from the Seventh Circuit, asking the

1

respondent for the status of the motion to reconsider. Dkt. No. 28. The respondent also has written the court, indicating that the Seventh Circuit has asked him to enquire when this court plans to rule. Dkt. No. 30.

## I. Motion for Reconsideration (Dkt. No. 19)

### A. Background

The petitioner filed a document captioned as a "Motion for Reconsideration Service for Petition for Review Supreme Court of Wisconsin." Dkt. No. 19-2. While captioned as a motion, the body of the document is a letter addressed to the clerk. Id. at 1. The letter states that the court "mistakenly overlooked the one year limit" of his filing his petition for review with both the Wisconsin Supreme Court and the attorney general, and says that the petitioner has proof that he timely filed his petition. Id. He asserts that a few days after he filed his petition for review, it was denied by the Supreme Court of Wisconsin, and says that "[t]his information is on the computer, 374 Wis. 2d 160." Id. He asks the court to "go through" the matter for reconsideration and says that he "overlooked this matter" in his objection to Judge Jones's recommendation. Id. The letter said that the petitioner "was originally confused at the specific petition the court was pertaining to," but opines that "the court should have saw this also when review my habeas petition because it is on record." Id. at 2. In a post-script, the petitioner stated that if the court still disagreed that his petition was timely, he had enclosed a motion for reconsideration brief citing Holland v. Florida, 560 U.S. 631 (2010). Id.

2

As the petitioner indicated, he also filed a document titled "Motion for Reconsideration Brief of Petitioner/Appellant." Dkt. No. 19. The brief indicates that the petitioner is asking the court to reconsider its dismissal based on the Supreme Court's ruling in Holland v. Florida, 560 U.S. 631 (2010), which he says stands for the proposition that "'egregious attorney misconduct' is" an extraordinary circumstance that justifies a court applying the doctrine of equitable tolling to a late-filed petition. Id. at 2. After an extended discussion of the Holland decision, and citation to subsequent Seventh Circuit decisions applying Holland, the petitioner concluded the brief by stating:

> [i]n petitioner's case, Youngmark was misguided by inmates on what he needed to do in order to keep his federal time from tolling in order to file for federal habeas relief. Petitioner's counsel even failed to properly inform him of all steps he should take to properly attack his state and federal issues, or proper tolling time and due dates to file any other proceedings whether in state or federal court. Therefore this federal habeas court should grant petitioners petition for his habeas corpus, on extraordinary circumstances for equitable tolling for habeas corpus filing one-yea[r] limitation filing rule.

Id. at 6.

Along with the motion and brief, the petitioner filed seven pages of documents—new documents that were not among the hundreds of pages he'd filed in the prior twenty months. The first is a cover letter dated December 15, 2016 from Assistant Attorney General Charlotte Gibson to the clerk of the Wisconsin Supreme Court, enclosing the respondent's affidavit of no service for the petitioner's petition for review to the Supreme Court. Dkt. No. 19-1 at 1. The second is an order from the Wisconsin Supreme Court dated December 29, 2016, granting the petitioner's motion to waive filing of the required number of

3

copies and granting his motion to send a copy of his petition back to him so that he could serve the Attorney General. Dkt. No. 19-1 at 4-5. Third is a letter dated January 10, 2016 from Assistant Attorney General Charlotte Gibson stating:

> On December 15, 2016, I filed an affidavit of no service regarding the petitioner's petition for review in the above matter. This is to inform the court that I have been served with the petition. As stated in the affidavit of no service, the State's time to respond would not begin to run until it was served. The petition was mailed on January 7, 2016, making the State's response due January 24, 2016.

Dkt. No. 19-1 at 6. (The references to the year 2016 in the date of the letter and in the last line of the letter appears to be an error; given the time line of events, it is likely Assistant A.G. Gibson meant to date the letter January 10, 2017 and to reference dates of January 7, 2017 and January 24, 2017 at the end. In fact, someone—perhaps the petitioner—took a pen and wrote the numeral "7" over the typed numeral "6" in the two dates at the letter's end. Id.)

    B.    Analysis

        1.    *Subject-Matter Jurisdiction*

The petitioner filed a notice of appeal on March 9, 2020. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also United States v. Taylor, 796 F.3d 788, 791 (7th Cir. 2015). But the petitioner also filed a motion for reconsideration on March 3—less than ten days after the court's February

4

24, 2020 order. The notice of appeal and motion for reconsideration bring Federal Rule of Appellate Procedure 4(a)(4) into play; that rule provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). Among others, Rule 4(a)(4)(A) includes motions brought under Rule 59(e) or Rule 60(b). The scenario contemplated by Rule 4(a)(4)(B)(i) occurred here; the petitioner filed a motion for reconsideration (which remains pending) then filed a notice of appeal. Under Fed. R. App. P. 4(a)(4)(B)(i), this court retains jurisdiction to decide the motion for reconsideration because the petitioner's notice of appeal will not take effect until the court decides that motion.

### 2. *Standards for Motion for Reconsideration*

"[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 19, 2010). Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or Rule 60(b) to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 14-cv-1862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment. Here, the petitioner filed the motion to reconsider eight days after

5

the court entered final judgment; both Rule 59(e) and Rule 60(b) are available avenues of relief for the petitioner.

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. Am. Home Mortg. Servicing, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." Katz-Crank v. Haskett, No. 1:13-cv-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new

6

evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." <u>Woods v. Resnick</u>, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting <u>United States v. Resnick</u>, 594 F.3d 562, 568 (7th Cir. 2010)).

       3.     *Application of the Rule 59(e) Standard to the Facts*

Although the petitioner filed with his motion to reconsider seven pages of documents he'd not previously filed, the documents do not constitute newly discovered evidence. The petitioner does not state that he had no idea these documents existed, or that he only recently found them. He says only that he "overlooked" the information about his petition for review to the Wisconsin Supreme Court when he objected to Judge Jones's recommendation. The petitioner is not entitled to reconsideration based on newly discovered evidence.

Nor has the petitioner demonstrated a manifest error of law or fact. The *petitioner* is responsible for Judge Jones's calculation of the limitations period, and for this court's calculation. The court did not err—the petitioner did.

One section of the form petition for *habeas* relief under 28 U.S.C. §2254 is captioned "Direct State Appeal of Conviction;" it asks petitioners for information about whether they appealed their judgment of conviction. <u>See</u> Dkt. No. 1 at 3. In that section of his petition, the petitioner checked the box next to "Yes," indicating that he had appealed his conviction; he informed the court that the Wisconsin Court of Appeals summarily affirmed the circuit court on November 1, 2016. <u>Id.</u> The petitioner attached the November 1, 2016 Court

7

of Appeals decision to the petition. Dkt. No. 1-1 at 19. The next question under "Direct Appeal of State Conviction "asked, "Did you seek further review by the highest state court?"; the petitioner checked the box next to "No." Dkt. No. 1 at 3. Underneath and to the right of this question, the petitioner wrote "[b]ecause Counsel-Of-Record was relieved and he was forced to proceed Pro se with the help of Prison lead litigators." Id. The petitioner attached over three hundred and sixty pages of exhibits to his petition, dkt. nos. 1-1, 1-2; nowhere in those hundreds of pages did he include the documents he now submits in support of his motion for reconsideration.

On July 11, 2018, Magistrate Judge Jones issued an order screening the petition and requiring the petitioner to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. §2244(d). Dkt. No. 7. Judge Jones's order explicitly stated, "Mr. Youngmark indicates that he did not file a petition for review in the Wisconsin Supreme Court. Pet. 3. Thus, the time for seeking direct review expired on or about December 1, 2016—that is, thirty days after the Wisconsin Court of Appeals affirmed his conviction." Dkt. No. 7 at 3. After explaining that the petitioner's later filings in the Wisconsin state courts did not toll the statute of limitations, Judge Jones gave the petitioner an opportunity to demonstrate why his petition should not be dismissed as time-barred. Id. at 4.

A little over a week after Judge Jones issued that order, the petitioner filed a three-page brief with thirty-five pages of attachments. Dkt. Nos. 8, 8-1. The brief did not mention that the petitioner had filed a petition for review of

8

his direct appeal in the Wisconsin Supreme Court. Dkt. No. 8. The thirty-five pages of attachments did not reference a petition for review in the Wisconsin Supreme Court. Dkt. No. 8-1. The petitioner did not mention the documents he now submits in support of his motion for reconsideration.

On August 15, 2018, Judge Jones issued a report recommending that this court to dismiss the petition as time-barred under 28 U.S.C. §2244(d). Dkt. No. 9. Judge Jones reviewed the case history, again explicitly remarking that "[the petitioner] indicates that [he] did not seek further review of his direct appeal with the Wisconsin Supreme Court, nor did he file a petition for certiorari in the United States Supreme Court." Id. at 2. Judge Jones explained why the petitioner's one-year clock under the Antiterrorism and Effective Death Penalty Act (AEDPA) began to run on December 1, 2016:

> In order to stop the clock on his federal habeas petition, [the petitioner] would have had to file his petition for review of his direct appeal with the Wisconsin Supreme Court within thirty days of the date of the appellate court decision. *See* Wis. Stat. §808.10(1). The Wisconsin Court of Appeals rendered its decision on November 1, 2016. [The petitioner's] petition for review filed January 28, 2018, is outside of the thirty-day deadline.

Id. at 5. Judge Jones recommended dismissing the petition but informed the petitioner that he could file objections to the report within fourteen days. Id. at 9.

The petitioner filed his objections on August 21, 2018—six days after Judge Jones's report and recommendation. Dkt. No. 10. Nowhere in the sixteen-page brief did the petitioner object to Judge Jones's determination that the petitioner's statute of limitations under AEDPA began to run thirty days

9

after the Wisconsin Court of Appeals decision on November 1, 2016. Id. He did not explain that he had filed a petition for review in the Wisconsin Supreme Court on direct appellate review. He did not submit the documents that he now files in support of his motion for reconsideration.

This court adopted Judge Jones's report and recommendation on February 24, 2020. Dkt. No. 17. The court agreed with Judge Jones's finding that the limitations period under AEDPA began running on December 1, 2016—the day the petitioner's time for filing a petition for review in the Wisconsin Supreme Court expired. Id. at 4. The petitioner had not objected to that portion of the report and recommendation, and because the petition itself affirmatively stated that the petitioner had not filed a petition for review in the Wisconsin Supreme Court, this court had no reason to find that Judge Jones committed clear error in finding that the limitations period began to run on December 1, 2016. Id. at 8. Without an objection (or a reason to question the petitioner's representation in his petition), this court did not independently research whether the petitioner had—or hadn't—filed a petition for review in the Wisconsin Supreme Court on his direct appellate review.

Instead, the court calculated the petitioner's limitations period relying on the information he'd provided in his pleadings and attachments and concluded that his petition was untimely. Id. at 8. The court considered whether to equitably toll the limitations period but found that the petitioner had not diligently pursued his rights and had not shown extraordinary circumstances that prevented him from timely filing in federal court. Id. at 14. The court

10

found that the petitioner had described unfortunate circumstances—lack of funds, lack of legal training and knowledge, reliance on appointed counsel and the assistance of other inmates—but found that those circumstances were "common parts of prison life." Id. at 15 (citing Carpenter v. Douma, 840 F.3d 867, 872 (7th Cir. 2016)).

Now, in a motion for reconsideration filed over a year and a half after he filed his federal *habeas* petition, the petitioner argues that (1) the court should have figured out on its own that he had filed a petition for review with the Wisconsin Supreme Court and thus that his federal petition was timely filed, dkt. no. 19-2 at 2, and (2) that the court should have applied the doctrine of equitable tolling because other inmates gave him incorrect guidance and his lawyer did not tell him how to properly file a federal *habeas* petition or how to calculate tolling and due dates, dkt. no. 19 at 6.

The petitioner's claim that it was this court's responsibility to suss out that he had sought review with the Wisconsin Supreme Court is not supported by Seventh Circuit law. The Seventh Circuit has held that "[i]f the state raises an AEDPA statute of limitations defense, the petitioner must come forward with some evidence to support his claim that, with the benefit of the *Houston* mailbox rule, 365 countable days have not elapsed from the time his state-court judgment became final to the time he filed his federal habeas petition." Ray v. Clements, 700 F.3d 993, 1008 (7th Cir. 2012) (citing Allen v. Culliver, 471 F.3d 1196, 1998 (11th Cir. 2006)). Once the petitioner makes that

11

evidentiary showing, "the burden shifts to the government to prove that the limitations period has run." Id.

In this case, it was Judge Jones, rather than the state, who raised the limitations issue, based on the defendant's representation in the petition that he had not sought review in the Wisconsin Supreme Court. Dkt. No. 7 at 3. Judge Jones's order made clear that it was that representation that resulted in Judge Jones concluding that the one-year limitations period had expired. Id. Nonetheless, Judge Jones gave the petitioner the opportunity to present evidence to show otherwise, giving him over a month to show cause why his petition was not untimely filed. Id. at 4.

The petitioner responded that he *had* filed a petition for review in the Wisconsin Supreme Court. Dkt. No. 8 at 2. He stated, however, that he had filed that petition on January 28, 2018—over a year after the Wisconsin Court of Appeals' decision affirming his conviction. Id. (It appears the January 28, 2018 petition for review was a request to review a ruling on one of the defendant's state post-conviction or *habeas* motions.) He did not mention any earlier petition for review.

In his recommendation for dismissal of the petition, Judge Jones noted that the petitioner argued "that the petition for review he filed with the Wisconsin Supreme Court on January 28, 2018, tolled his writ of habeas corpus." Dkt. No. 9 at 3. Judge Jones disagreed, pointing out that the petitioner would have had to file his petition for review within thirty days of

12

Court of Appeals' November 1, 2016 to be timely.[1] Id. at 5. In his objection to Judge Jones's recommendation, the petitioner repeated his argument that his January 28, 2018 petition for review rendered his federal petition timely. Dkt. No. 10 at 5-6.

Judge Jones relied on the petitioner's representations to calculate the limitations period—he did not do his own research into the history of the petitioner's state cases. Neither did this court. The petitioner's argument that the court—Judge Jones or Judge Pepper—should have dug through the dockets in his three underlying state cases, or searched his name in an electronic research database such as Westlaw, to determine whether he had accurately represented that he did not file a petition for review of the original conviction does not demonstrate a manifest error of law or fact.

As an aside, it appears that even though the petitioner sought review in the Supreme Court on direct appeal, the federal petition was not timely filed. The court pulled up the case the petitioner cited, "374 Wis. 2d 160"; it is a March 13, 2017 order from the Wisconsin Supreme Court stating, "Petition for Review Denied." State v. Youngmark, 374 Wis.2d 160 (Table) (Wis. 2017). The court also reviewed the publicly available docket for one of the petitioner's original criminal cases, State of Wisconsin v. Scott Allen Youngmark, Polk County Case No. 2012CF000462, available at: https://wcca.wicourts.gov/, and

---

[1] Wis. Stat §808.1(1) (". . . the petition for review shall be filed in the supreme court within 30 days of the date of the decision of the court of appeals.").

13

found an entry from the Wisconsin Supreme Court dated March 13, 2017 stating "Petition for Review is Denied, without costs."

Under 28 U.S.C. §2244(d)(1)(A), a judgment becomes "final" for the purposes of the one-year limitations period when the time for seeking review of that judgment has expired. The petitioner could have sought review of the Wisconsin Supreme Court's March 13, 2017 denial of review by filing a petition for *certiorari* with the United States Supreme Court. Under Supreme Court Rule 13(1), he had ninety days from the entry of that order to seek *certiorari*. Ninety days after March 13, 2017 (not including March 13, 2017, under Wis. Stat. §801.15(1)(b)) was June 11, 2017. June 11, 2017 fell on a Sunday, a date on which the clerk's office would have been closed, so under the statute, the ninetieth day fell on Monday, June 12, 2017. This means that the one-year period for the petitioner to file his federal *habeas* began June 12, 2018. The petitioner needed to file his federal *habeas* petition by Tuesday, June 12, 2018. The court received the petition on June 15, 2018—three days *after* the June 12, 2018 expiration of the one-year limitation period. Dkt. No. 1.

The Supreme Court held in Houston v. Lack, 487 U.S. 266, 276 (1988) that the "mailbox rule" applies in prisoner cases. But that rule does not help the petitioner, because the petitioner did not file his petition by mail—he filed it electronically. At 11:40 a.m. on Friday, June 15, 2018, the court received an email from Kathryn S. Emmer at the Department of Corrections; attached to the email was the petitioner's petition to proceed without prepaying the filing fee (which he dated June 14, 2018). At that same time—11:40 am.—the court

14

Case 2:18-cv-00911-PP   Filed 07/01/20   Page 14 of 20   Document 31

received another email from Ms. Emmer; the petition was attached. At 11:41 a.m., the court received a third email from Ms. Emmer; attached was one chunk of the 360-plus pages of documentation the petitioner submitted with the petition. The court received three further emails—one more at 11:41 a.m. and two at 11:42 a.m.—with the remainder of the petitioner's 360-plus pages of attachments. The petitioner filed his petition three days late.

As for equitable tolling, the petitioner (in what appears to be a pattern) failed to raise that argument with Judge Jones. Dkt. No. 17 at 12. He raised it before this court when he objected to Judge Jones's recommendation, citing Holland, and this court considered his argument. Id. The court first concluded that the petitioner had not met the first requirement of Holland—that he had not diligently been pursuing his rights, because he had not sought review in the Wisconsin Supreme Court on direct appeal. Id. at 13-14. The court also concluded that the petitioner had not shown that extraordinary circumstances prevented him from timely filing the appeal, noting that many *habeas* petitioners faced the same challenges the petitioner cited—lack of funds, no legal training and forced reliance on appointed counsel or the assistance of other inmates. Id. at 14.

As it turns out, the court's conclusion that the petitioner did not diligently pursue his rights was based on a lack of information. The petitioner *did* diligently pursue his rights on direct appeal, because he *did* seek review in the Wisconsin Supreme Court. But as to the lack of extraordinary circumstances that would warrant equitable tolling, the petitioner's motion to

15

reconsider provides nothing new. The petitioner again argues that his state-court counsel "failed to properly inform him of all steps he should take to properly attack his state and federal issues, or proper tolling time and due dates to file any other proceedings whether in state or federal court." Dkt. No. 19 at 5. This is the ground the petitioner presented in his objection to Judge Jones's recommendation, and the ground this court rejected in its February 24, 2020 order, where it explained to the petitioner that "'[a] lawyer's ineptitude,' such as his failure to meet a filing deadline . . . is garden variety and 'does not support equitable tolling.'" Dkt. No. 17 at 13-14 (citing Obriecht v. Foster, 727 F.3d 74, 748 (7th Cir. 2013) (quoting Lee v. Cook Cty., 625 F.3d 969, 972-73 (7th Cir. 2011)). The motion for reconsideration presents no new evidence, demonstrates no manifest error of law or fact and does not move beyond the "garden variety" error the court rejected in its February order.

Even with the new documents the petitioner has filed, and with the knowledge that the petitioner did seek review of his conviction in the Wisconsin Supreme Court, the court will not vacate its decision to dismiss the petition as time-barred under 28 U.S.C. §2244(d). The federal petition is time-barred, and there is no basis for the court to apply the doctrine of equitable tolling because the petitioner has not satisfied the Holland factors.

    4.    *Application of the Rule 60(b) Standard to the Facts*

Nor does the court have any reason to vacate its ruling under Rule 60(b). The petitioner has not demonstrated mistake, inadvertence, surprise or excusable neglect. Rule 60(b)(1). As the court has noted, he has not presented

16

newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Rule 60(b)(2). He has not demonstrated fraud, misrepresentation or misconduct by the respondent. Rule 60(b)(3). The judgment is not void. Rule 60(b)(4). The judgment has not been satisfied, released or discharged, and was not based on an earlier reversed or vacated judgment. Rule 60(b)(5). There is no other reason that justifies relief. Rule 60(b)(6).

The court will not vacate its February 2020 order dismissing the petition as time-barred.

## II. Motion to Appeal Without Prepaying the $505 Appellate Filing Fee (Dkt. No. 21)

The petitioner asks the court to waive prepayment of the $505 appellate filing fee. Dkt. No. 21. Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner's affidavit of indigence states that he has no prison income and no job and that he owes restitution. Dkt. No. 21. The court finds that the petitioner cannot pay the $505 filing fee.

17

As for good faith, district courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court declined in its February 24, 2020 order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000). "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, claims that no reasonable person could suppose have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The February 24, 2020 order dismissed the petition as time-barred based on the information the petitioner had given the court. He now moves to reconsider (and appeal) that decision based on information he had not provided previously, and the court has considered that information and concluded that

the petition still is time-barred. If the Seventh Circuit calculates differently, it may conclude that the petition was timely filed. It is a close call, but giving the petitioner the benefit of the doubt, the court will grant the petitioner's motion for leave to proceed without prepaying the filing fee.

### III. Motion to Stay (Dkt. No. 25)

The petitioner's March 23, 2020 motion asked the court to stay the appellate court proceedings while the court decided the motion for reconsideration. Dkt. No. 25. The court has decided the motion for reconsideration and motion for leave to appeal without prepaying the filing fee. The court will deny as moot the motion to stay.

### IV. Motion to Move Forward with Reconsideration Motion (Dkt. No. 28)

The court received the petitioner's motion on June 1, 2020, and it was prompted by the fact that the Seventh Circuit had several times asked the respondent to report on the status of the motion to reconsider. Dkt. No. 28. The court regrets that it has put both the petitioner and the respondent to the unnecessary task of responding to the Seventh Circuit's request. Through this order, the court grants the petitioner's motion to move forward with the motion to reconsider.

### V. Conclusion

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 19.

The court **GRANTS** the petitioner's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 21.

19

The court **DENIES AS MOOT** the petitioner's motion to stay. Dkt. No. 25.

The court **GRANTS** the petitioner's motion to move forward with the motion to reconsider. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 1st day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
